**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Broxton,<br><br>    Plaintiff,<br><br>v.<br><br>Western Arizona Regional Medical Center, *et al.*,<br><br>    Defendants. | No. CV-19-08005-PCT-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Paul Broxton's Amended Complaint (Doc. 9). Upon screening Plaintiff's Amended Complaint (Doc. 9) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint fails to state the grounds for the Court's subject matter jurisdiction. The Court therefore dismisses the Complaint with permission to re-file, if Plaintiff can cure its jurisdictional deficiencies, no later than March 12, 2019.

## I. LEGAL STANDARDS

### A. 28 U.S.C. § 1915(e)(2)

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section

1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

## II. ANALYSIS

Despite dismissal of Plaintiff's first Complaint on January 9, 2019, little has changed in the Amended Complaint. Plaintiff now has a statement of the grounds for this Court's subject matter jurisdiction, as required by Rule 8(a), but the statement is insufficient to establish jurisdiction. Plaintiff alleges "violations of my civil rights . . . [HIPAA] violations on federal statutes/religious freedom . . . not listening to me about according to my church." (Doc. 9 at 3.)

While Plaintiff refers to the federal statute known as HIPAA—the Health Insurance Portability and Accountability Act—the Court understands Plaintiff's claim to be one for an invasion of his right to privacy under Arizona law. And while in some instances plaintiffs have been able to seek redress for alleged HIPAA violations under state law, HIPAA itself

does not provide for a private right of action. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007); *see also* 29 U.S.C. § 1181 *et seq.* That portion of Plaintiff's Complaint thus raises only a state law claim, if any claim at all, and not one arising under federal law.

Plaintiff also alleges "violations of my civil rights" and refers specifically to federal statutes pertaining to religious freedom. (Doc. 9 at 3.) But these allegations are unclear and do not confer subject matter jurisdiction on the Court. Applying a benefit-of-any-doubt standard to this claim, the Court assumes that Plaintiff attempts to bring a claim under 42 U.S.C. § 1983, which provides for a private right of action against a state actor for a constitutional violation. To state a § 1983 claim, a plaintiff must first allege state action. Determining whether an entity is subject to suit under § 1983 is the "same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). For a court to answer this question in the affirmative, a plaintiff must show that two requirements are met: (1) the deprivation to the plaintiff by the entity "must result from a governmental policy," and (2) the "the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Id.* Plaintiff makes no attempt to identify any of the defendants as state actors and thus has not satisfied the requirements to bring a § 1983 claim.

Even if Plaintiff's claims were cognizable under federal law, they do not provide specific allegations against each Defendant. A plaintiff may not collectively accuse multiple defendants of committing misdeeds through a failure to attribute any specific act to a specific defendant. Such group pleading fails to comply with Federal Rule of Civil Procedure 8(a)(2) because it does not give fair notice of the claims against each defendant with the requisite specificity. *Riehle v. Bank of America, N. A.*, No. CV-12-00251-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013). Plaintiff must allege specifically how each Defendant violated his constitutional rights by acting under the color of state law. In his Complaint, Plaintiff does not allege any cognizable wrongdoing against Defendant Mirza,

accuses Defendant Western Arizona Regional Medical Center only of "bullying," and alleges wrongdoing on the part of others not named as Defendants. (Doc. 9 at 4.) Collectively, these sparse allegations fail to provide sufficient notice to any Defendant of the claims against them.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Here, the Court will give Plaintiff one last opportunity to amend his Complaint, but any Second Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure and the Local Rules, as indicated above.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint (Doc. 9) is dismissed with permission to file a Second Amended Complaint by March 12, 2019, that complies with the provisions of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint by March 12, 2019, the Clerk shall dismiss this action without further Order of this Court.

Dated this 26th day of February, 2019.

Honorable John J. Tuchi
United States District Judge